IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| T.D., individually and on behalf of S-A.M. a minor, | : | |
| *Plaintiffs*, | : | Civ. A. No. 25-cv-2520 |
| v. | : | Hon. Mia Roberts Perez |
| Chichester School District, | : | |
| *Defendant*. | : | |

**DEFENDANT'S SURREPLY TO PLAINTIFF'S MOTION/PETITION FOR ATTORNEYS FEES AND COSTS**

Defendant, Chichester School District ("District"), relies on its previously filed Memorandum in Opposition of Plaintiff's Motion/Petition For Attorneys Fees and Costs (*See*, ECF# 14) and will not reiterate the arguments made therein, except for the following brief comment in response to Plaintiff's Response to the Defendant's Memorandum in Opposition (*See*, ECF# 15).

I. Billing Was Excessive, Duplicative, and Improperly Billed

Contrary to the allegations asserted in the Plaintiff's reply brief, the Defendant does not make sweeping and broad statements regarding impermissibility. In fact, the District provided three (3) affidavits with specific concerns regarding the billing types and structures. ECF #14-1-3. Numerous of Plaintiff's billing were not accompanied by "fairly definite information as to hours devoted to various general activities…" *Evans v. Port Auth.*, 273 F.3d 346, 361 (3d Cir. 2001). As explained in more depth in the Defendant's principal brief, numerous entries lacked subject matter. Additionally, Plaintiff- Attorneys, Reimann and Limbacher both worked on tasks

that are secretarial in nature. *ECF-13-5 and ECF 13-6.* It has long been established that time that would not be billed to a client cannot be imposed on an adversary. *Public Interest Research Gr. v. Windall*, 51 F.3d at 1188.

Plaintiff-Attorneys also spent a significant amount of time in excess of the established 2:1 ratio. Their fees were disproportionate to the hearing time and must be reduced accordingly. *Elizabeth S. v. School. Dist. of Philadelphia*, No. Civ. A. 11-1570, 2012 U.S. Dist. LEXIS 89712 at *2012 WL 2469547, at *7-8 (E.D. Pa. June 28, 2012) (finding Plaintiffs' counsel spent excessive time preparing for the hearing and describing a 2:1 ratio of preparation time to hearing time). *See ECF 13-5* at 4-5 (regarding length of opening statements as one example).

It is mystifying to the Defendant, how Plaintiff-Attorneys can, in the same pleading, support their high hourly billing rates and fault their experience, then require such a significant amount of time on preparation of a ten minute opening statement, a closing brief, or consistent inter-office conferring.[1] Plaintiff's main argument in support of their time expended in this matter is to point to the District's time regarding the same. However, there is no comparison of attorneys fees in a fee dispute. Affiant Attorney Romberger suggests, "if the Court considers the school district's attorneys' time spent to justify parent attorneys' time spent, then the Court should also consider school district attorney hourly rates as part of the relevant market rate for parent attorneys." *See* ECF #14-1 at 7. The District's rate through the entirety of this matter was $200.00 per hour for all attorneys on the matter.

[1] The District spent substantially less time on both the written closing brief and the opening statement. Plaintiff-Attorneys wave their years of experience as an emblem of success and statute, in order to support their rate. The District does not dispute that Plaintiff- Attorneys have practiced for the number of years they purport. Yet, Plaintiff-Attorneys billed, at their words, nearly identical times to produce a case as attorneys with approximately 5-6 years of experience. Plaintiff-Attorneys cannot have it both ways, they are either experienced enough to not require excessive amounts of time and interoffice-conferences, or they are seeking a rate in excess of what they are afforded under the law. Both cannot simultaneously be true.

II. The Plaintiff Has Provided Confidential Settlement Communications

The District must first address Attorney Reimann's assertions that the District has made representations regarding confidential settlement discussions. ECF #15-1 at 5. The District has not done so and vehemently objects to the Plaintiff providing copies of those protected settlement communications to this Honorable Court. ECF# 15-4. The District can only assume that Plaintiff is attempting to introduce these protected and confidential communications in an attempt to prove that Plaintiff was not seeking full days of compensatory education. It is simple, the District does not look to the confidential communications for this, but to the Due Process Complaint initially filed by the Plaintiff, "An Order that the District provide compensatory education for the two years prior immediately preceding the filing of this due process complaint:" *See* Exhibit A at 5. The Plaintiff does not limit her request for relief until the final moment in the Plaintiff's closing brief, pivoting to solely seek 8.75 hours per week, instead of the open-ended relief requested at the outset.

It further is shocking to this District that Plaintiff has included these communications, despite her "redactions." Settlement discussions are intended to settle claims, often resulting in communications regarding lower demands. They are also confidential. Indeed, the Plaintiff discloses a Confidential Written Offer of Settlement. There was no notice provided to the District of the intent to disclose such communications, as the District would have certainly objected. Even further, the Federal Rules of Evidence directly contradict the Plaintiff's intended use of the documents: to prove invalidity of the District's arguments. *See* Fed. R. Evid. 408. The District implores this Honorable Court to strike those exhibits from the record or, in the alternative, provide those communications no weight and disregard them in entirety.

III. Plaintiff's Reply Fails To Conform to This Honorable Court's Procedures

Plaintiff-Attorney attempts to circumvent this Honorable Court's Procedures by filing a supplemental affidavit in addition to her reply brief. This Honorable Court limits any reply to seven (7) pages. *See* Policies and Procedures of Honorable Judge Perez at 4. It must be noted that Plaintiff-Attorney attempts to argue in her supplemental affidavit. These arguments should have been included in her reply brief.

IV. Conclusion

For the foregoing reasons, Defendant respectfully requests that this Court substantially reduce the requested award by excluding duplicative, block-billed, vague, and non-compensable entries, reducing the award commensurate with the award achieved at hearing, as well as applying the 2:1 preparation to hearing time standard. The District further respectfully moves this Honorable Court to disregard and/or strike the Plaintiff's improper disclosure of confidential settlement discussions.

Respectfully submitted,

*/s/ Gabrielle C. Sereni*

Gabrielle C. Sereni, Esquire
Atty. I.D. No. 83899
Samantha Newell
Atty I.D. No. 329712
Sereni Law Group, LLC
32 Regency Plaza
Glen Mills, PA 19342
(610) 357-2016
Counsel for Defendant
Chichester School District

Date: November 19, 2025